**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, as trustee for First Horizon Alternative Mortgage Securities Trust 2005-FA6,<br><br>*Petitioner*,<br><br>*v.*<br><br>ALFONSO AMELIO *et al.*,<br><br>*Respondents*. | <u>MEMORANDUM DECISION AND ORDER</u><br><br>26-CV-5206 |

**GEORGE B. DANIELS, United States District Judge:**

The Bank of New York Mellon ("BNY") brought two eviction proceedings in New York state court, one for each unit of a two-family house at 2610 Miles Avenue (the "Property"). (Notice of Removal ("Notice"), ECF No. 1, ¶¶ 1–2; Mem. of Law in Supp. of Mot. to Remand ("Mem."), ECF No. 6-3, at 2–3.) Alfonso Amelio, who lived in one unit, removed both proceedings to this Court pro se. (Notice ¶¶ 2–3.) Because this Court lacks subject-matter jurisdiction and the removal was untimely, BNY's motion to remand is GRANTED.

First, this Court lacks subject-matter jurisdiction. As the removing party, Amelio carries the burden to establish this Court's jurisdiction. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). He invokes two bases: (1) federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a), and (2) civil-rights removal under § 1443(1). (Notice ¶¶ 4–5.) Neither works.

Federal-question jurisdiction exists only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

(1987). Here, BNY's eviction petitions present no federal question. Instead, they seek possession of the Property under New York Real Property Actions and Proceedings Law § 713(5). (Opp'n to Mot. to Remand ("Opp'n"), ECF No. 7, at 3.) All of the federal issues Amelio argues (e.g., challenges to the foreclosure through which BNY acquired the Property, the effect of an earlier, unsuccessful removal of the foreclosure action, and claims arising from an alleged lockout) appear only in his notice of removal. (Notice ¶¶ 4, 7.) They thus cannot support federal-question jurisdiction.

Civil-rights removal under § 1443(1) is available only to a defendant who relies on a federal law "providing for specific civil rights stated *in terms of racial equality*." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (emphasis added) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Here, Amelio invokes Title II of the Americans with Disabilities Act ("ADA") and the Fourteenth Amendment's Due Process Clause. (Notice ¶¶ 4(e), 5.) Neither addresses racial equality. *See Rachel*, 384 U.S. at 792 (holding that the Due Process Clause does not address racial equality); *Robinson v. Eichler*, 795 F. Supp. 1253, 1258 n.5 (D. Conn. 1992) (holding the same as to the ADA). Section 1443(1) therefore does not supply a basis for removal.

Additionally, even assuming that BNY's eviction petitions were removable, the removal was untimely. A notice of removal must be filed within 30 days after the defendant receives the initial pleading. 28 U.S.C. § 1446(b)(1). Here, BNY served Amelio in January 2025, but he did not remove this action until June 2026, about 17 months later. (Mem. at 3; Notice ¶ 3.)

If a case is not initially removable, however, § 1446(b)(3) permits removal within 30 days after the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Amelio contends that these proceedings became removable under that provision in

June 2026, citing an alleged lockout, an order in a separate state proceeding, a new lawsuit in state court, and BNY's sale of the Property. (Opp'n at 5–6.) But, as before, none of these new papers or events establishes that BNY's eviction petitions present a federal question or that Amelio invokes a federal right stated in terms of racial equality. As a result, § 1446(b)(3)'s exception to the 30-day-removal rule does not apply.

Accordingly, BNY's motion to remand, (ECF No. 6), is **GRANTED**. Amelio's request to file his opposition out of time, (ECF No. 7), is **GRANTED**, and his application to proceed in forma pauperis, (ECF No. 2), is **DENIED** as moot. The Clerk of Court is respectfully directed to **REMAND** this action to the Civil Court of the City of New York, County of Bronx (Index Nos. LT-342148-24/BX and LT-342155-24/BX); **MAIL** a certified copy of this Memorandum Decision and Order to the clerk of that court, and a copy to Amelio at 37 Main Street, #337, New Milford, Connecticut 06776; **CLOSE** the motion at ECF No. 6; and **CLOSE** this case.

**SO ORDERED.**

Dated: OCT 22 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE